### Joseph Franklin, Respondent, *v.* James Menown, Appellant.

#### July 5, 1881.

1. A stockholder and director who is indebted to the corporation in a sum exceeding the debt of the corporation to him, cannot, by motion against another stockholder, have satisfaction of a judgment collusively obtained in the name of another against the corporation.

2. Creditors of a corporation cannot maintain a motion under the statute against an individual stockholder, after an assignment by the corporation for the benefit of its creditors.

3. A stockholder cannot maintain a motion against another stockholder without paying his own unpaid subscription.

Appeal from the St. Louis Circuit Court, Lindley, J. *Reversed and dismissed.*

E. Peacock and John D. Pope, for the appellant.

M. Kinealy, for the respondent.

Thompson, J., delivered the opinion of the court.

The defendant has appealed to this court from a judgment rendered against him as a stockholder of the Ward-

well Manufacturing Company, upon a motion under the statute, prosecuted by the plaintiff. The record satisfies us of the following facts : That the State Savings Association held the notes of the Wardwell Manufacturing Com-pany, indorsed by J. H. Forbes, who was vice-president, and by Dugald Crawford and Hugh Menown, who were directors of the company, but were taken up by Forbes and Crawford, who gave to the bank their individual notes, and left the dishonored notes as collateral security thereto ; that afterwards, on December 4, 1878, the Wardwell Manufac-turing Company made an assignment of all its assets for the equal benefit of its creditors, to Joseph W. Baepler, its secretary ; that this deed of assignment passed to Baep-ler as assignee, among the other assets of the corporation, the "unpaid assessments upon the stock of its stockholders, and amounts unpaid on the stock subscriptions of said stock-holders ;" that the said J. H. Forbes and Dugald Crawford, as directors of the corporation, at a meeting of the board of its directors, voted in favor of making this assignment ; that the deed of assignment was executed by Forbes as vice-president and acting president of the company, the president being a non-resident, and the by-laws allowing the vice-president to act as president in his absence ; that these dishonored notes which had been thus taken up by Forbes and Crawford, but which were still held as collateral security by the State Savings Association, were proved as demands against the Wardwell Manufacturing Company, in the name of the State Savings Association ; and that a dividend was paid upon them by the assignee ; that said Forbes and Crawford are the bondsmen of the assignee, and that they, and not Baepler, are, in fact, the custodians of the money of the corporation ; that, after the assign-ment to Baepler, Forbes and Crawford requested the State Savings Association to have suit brought upon the dishon-ored notes in the name of Joseph Franklin, one of the directors of the said association, Forbes and Crawford

agreeing to provide the attorneys, and to pay all costs and expenses; that the association and Franklin consented to this arrangement, and that suit was brought upon the notes in the name of Franklin; that summons was served upon Forbes as vice-president of the Wardwell Manufacturing Company; that the company made no appearance, or defence to the suit, but suffered judgment by default to go against it in the sum of $19,970.38; that afterwards, at the suggestion of the attorney who had been employed to bring the suit in the name of Franklin, another attorney was employed by Forbes to file a motion to set aside this default; that this motion was not prosecuted, was never called up by the attorney who filed it, and was overruled; that upon this judgment the present motion has been prosecuted against James Menown, a small stockholder of the company, and has resulted in a judgment against him in the sum of $2,600, being the total amount unpaid upon his stock subscription. It also appears that Forbes is the owner of $20,900 of the stock, at par value, of the Wardwell Manufacturing Company; that Crawford is the owner of $15,900, at par value, of the same stock; that the defendant Menown is the owner of but $4,000 of the same stock, at par value; and that each of these stockholders has paid assessments on their stock to the amount of $35 per share.

Now, what is the case exhibited by this record? It is simply the case of a collusive judgment obtained against a corporation by two of its directors, one of these being its vice-president, and, under its by-laws, its acting president. This judgment is obtained by procuring the name of a third person, who has no interest in the controversy, to act as plaintiff, but without any wrong intent, no doubt, on his part. It is obtained by serving process upon one of the real plaintiffs, as vice-president of the corporation. This real plaintiff, whose duty it is to defend if there is a meritorious defence, but whose interest it is not to defend, suffers judgment to go by default, and then makes a colorable

appearance by employing an attorney to move to set aside the judgment, without exhibiting any reason therefor, and without prosecuting the motion. This judgment is obtained after these two directors have voted in favor of making an assignment of all the property of the corporation to a person who appears to be merely their own agent, they being his bondsmen and custodians of the money which should be in his hands. These notes are proved up as claims against the corporation, and receive a dividend of ten per cent in common with the claims of other creditors. Having obtained this judgment in this way, these two directors, without having paid what is due upon their own stock subscriptions, and being in debt upon the same to the corporation in a larger amount than the judgment which they have thus recovered against it in the name of the present plaintiff, are seeking to make their debt out of the other stockholders. The law will not tolerate such proceedings. One stockholder, being indebted to the corporation in a greater amount than the corporation is indebted to him, cannot thus obtain a collusive judgment against the corporation, and then have satisfaction therefor from another stockholder. If this suit against the corporation had been prosecuted in the name of the real parties in interest, it would have been the duty of the managers of the corporation to plead, by way of counter-claim, the indebtedness of the real plaintiffs, Forbes and Crawford, upon their stock subscriptions, and they could not have recovered a judgment upon the notes, and consequently, could not have prosecuted this motion against Menown.

But there is another ground equally fatal to this proceeding. Under the rule laid down by this court in *Lionberger* v. *Broadway Savings Bank, ante,* p. 499, the assignment of December 4, 1878, vested in Baepler, the assignee, the exclusive right to collect the unpaid stock subscriptions, in common with other debts due the corporation, and no motion could thereafter be prosecuted by creditors against indi-

vidual stockholders, under the statute. The case closely resembles the case where an insolvent person makes an assignment for the benefit of his creditors. The assignment does not divest precedent liens of judgment or of attachment; but no creditor not having a precedent lien upon the debtor's property, can, upon a judgment thereafter obtained, levy execution upon the property so assigned. The property is vested in the assignee as trustee for all the creditors, and he is liable, like any other trustee, for negligence or other abuse of his trust.

If Crawford and Forbes have a just demand against the corporation, they cannot make it out of other stockholders without paying what is due upon their own stock also; and to this end it will be the duty of the assignee to make ratable assessments upon the stockholders, and to pay Crawford and Forbes their dividends in common with other creditors. This is the only way in which equality among members of a corporation can be secured; and this case strongly illustrates the wisdom of the rule declared by this court in *Lionberger* v. *Broadway Savings Bank, supra.* Such a rule is in a high degree wholesome to prevent col lusive proceedings of this kind, by which one member of a corporation may make use of the machinery of justice to obtain an unfair advantage over another member, in the adjustment of their social rights and liabilities.

The judgment of the Circuit Court is reversed, and the plaintiff's motion is dismissed. All the judges concur.